# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | |
| BILL R. WALKER, ) | Case No. 04-04377-TLM |
| ) | |
| Debtor. ) | MEMORANDUM OF DECISION |
| ) | |
| _____ ) | |

## BACKGROUND AND FACTS

On December 9, 2004, Bill Walker ("Debtor") filed a voluntary chapter 7 bankruptcy petition commencing this case. Doc. No. 1. His petition says he lives at 3875 W. Cedar, Vale, Oregon. *Id.*[1] Debtor's schedule A (real property) says that he is a "co-owner" of this property,[2] that it is worth $76,750.00, and that there is a $49,694.06 claim secured by this property. *Id.* On his original schedule C, Debtor claimed an exemption in this property under O.R.S. § 23.240 and § 23.250 in the amount of $33,000.00. *Id.* An amended schedule C changed the basis of

---

[1] This is in Malheur County, Oregon. By agreement with the District of Oregon, this Court administers bankruptcy cases from that county.

[2] Schedule A says Debtor's interest in this real property is "joint." Schedule H indicates "Ann Justus" is a co-debtor on an obligation owed secured creditor Greenpoint Credit. Greenpoint Credit has a deed of trust on real property and a mobile home, and Justus as well as Debtor signed that deed of trust. The nature of Justus' interest is not explained. Debtor's schedules indicate he is a 70 year old single man. *See* Doc. No. 1 at schedule I.

MEMORANDUM OF DECISION - 1

this homestead exemption claim to O.R.S. § 18.395 and § 18.402. *See* Doc. No. 5.

Creditor Howard Cockeram ("Creditor") filed an objection to the homestead exemption. Doc. No. 9. Creditor argues that the statute under which Debtor claims his homestead is inapplicable. He also contends that Debtor owns two separate parcels of real property; that one has a mobile home on it and that Debtor resides there; that the homestead exemption must be limited to this property; and that, under what Creditor views as the applicable Oregon statute, the exemption is capped at a lesser amount than what Debtor claimed.[3]

The objection was heard on February 14, 2005, the record closed, and the matter submitted. The objection was taken under advisement upon the conclusion of post-hearing briefing on March 4.

The parties' attempts at producing evidence at the hearing were not particularly effective or productive. Subsequent to the matter being taken under advisement, the chapter 7 trustee, Debtor and Creditor stipulated that the Court could "consider the documents attached to Debtor's memorandum brief and the documents attached to Creditor's Motion to Augment Record as exhibits in this case." *See* Doc. No. 22.[4]

---

[3] The objection assailed some other claimed exemptions, in addition to the homestead. The matter submitted at the conclusion of the hearing held herein was limited to the homestead, and that is all the Court addresses in this Decision.

[4] This stipulation makes it unnecessary for the Court to rule upon the propriety of Debtor
(continued...)

MEMORANDUM OF DECISION - 2

Debtor's testimony at the hearing gave a little background. The real property at 3875 W. Cedar Road is about 3.5 miles outside the city limits of Vale, Oregon. Debtor states that he acquired about .66 acres of the property through a "lease-option" agreement in 1991. There was a shop on this parcel that was damaged in a fire several years ago. Debtor acquired additional, adjacent property, about 5.5 acres in size, through a separate contract in 1992. This property contained a gravel pit but no structures at the time of purchase.[5]

Debtor got a "mobile home permit" in 1991. He said the permit was for placing the mobile home on the larger parcel, though this seems a little inconsistent with the fact that the larger parcel was only acquired the following year. He was not particularly firm in his recollection of the details, and questioning did not clarify the situation to any significant degree.

The additional documentation provided under the parties' stipulation does not establish with certainty whether the mobile home Debtor presently resides in[6] sits on the smaller parcel (apparently Tax Lot # 600) or on the adjacent larger parcel (apparently Tax Lot # 519). The "summary" County assessor data that

---

[4](...continued)
simply attaching materials to a brief as a way of creating a factual record, or to rule on Creditor's request to "augment" the evidentiary record.

[5] The pit was inactive for several years, and Debtor at some point "reclaimed" the land by filling in the pit and turning it into pasture land.

[6] It is clear that Debtor presently lives in a mobile home. This is not very likely the same unit involved in the 1991 permit as the Greenpoint Credit security interest is in a <u>1996</u> Fleetwood.

MEMORANDUM OF DECISION - 3

Creditor's counsel accessed on the Internet appears to reflect the mobile home sits on the smaller parcel, Tax Lot # 600, though the County's website contains an admonition that the information is for convenience only and is not guaranteed to be accurate.

The tax assessment records later submitted after hearing appear to show that the taxes assessed on the "structure" (apparently but not clearly the mobile home) are contained in the bills for Tax Lot # 600. The assessments on Tax Lot # 519 appear to be for "farm use" and show no assessments for any structures.

Interestingly, the Greenpoint Credit deed of trust on the mobile home, obtained in October, 2000 when Debtor says he "refinanced" the debt, identifies *both* parcels in its legal description.

The ambiguity in the records is disheartening. One would think that, if this matter is worth litigating, it is worth determining the precise facts and properly presenting them to the Court. Ultimately, however, the Court concludes that it can address the legal issue presented without resolving the testimonial and/or documentary confusion.

**CONTENTIONS OF THE PARTIES**

Debtor argues that both parcels are now under his ownership and are used collectively by him as a homestead. He believes he is entitled to an exemption under O.R.S. § 18.395 in the amount of $33,000.00, and his amended schedule C

MEMORANDUM OF DECISION - 4

so asserts. Creditor objects to that asserted exemption, arguing that the homestead exemption can apply only to the smaller parcel (where Creditor believes, and the present weight of the evidence would indicate, Debtor lives), and not at all to the larger parcel. Creditor also feels the homestead exemption can be properly claimed only under O.R.S. § 18.428, and that such an exemption is limited to $23,000.00.[7]

**DISCUSSION AND DISPOSITION**

Oregon has "opted out" of the federal exemption scheme under § 522 of the Bankruptcy Code, and exemptions for Oregon residents are determined under Oregon state law. *Sticka v. Casserino (In re Casserino)*, 290 B.R. 735, 738 (9th Cir. BAP 2003); *Sticka v. United States (In re Sturgill)*, 217 B.R. 291, 294 (Bankr. D. Or. 1998). Oregon courts apply a liberal interpretation of Oregon's exemption statutes in favor of debtors. *Casserino*, 290 B.R. at 739-40. However, courts may not disregard the plain and unambiguous language of the statutes. *Fleischhauer v. Bilstad*, 379 P.2d 880, 886 (Or. 1963).

Despite the parties' arguments over parcels, tax lots and acreage, Oregon's homestead exemption exempts value, not the property in and of itself. *Sturgill*,

---

[7] This debate relates not just to the allowance of the exemption but also to a § 522(f)(1)(A) motion to avoid Creditor's judgment lien as impairing Debtor's exemption, which waits in the wings. The parties vacated a hearing on the § 522(f) motion by agreement, pending the outcome of this instant dispute.

MEMORANDUM OF DECISION - 5

217 B.R. at 294. Debtor owns (or at least jointly owns) both parcels.[8] Greenpoint is secured on both parcels. Creditor is alleged to have a judgment lien on both parcels. The more apt question, under *Sturgill*, appears to be what is the value or amount of the homestead exemption to which Debtor is entitled.

To answer that question, one must turn to the statutes. O.R.S. § 18.395 is the general homestead statute.[9] It provides an exemption to a single owner/debtor in the amount of $25,000.00. It further provides that, "[w]hen two or more members of a household are debtors whose interests in the homestead are subject to sale on execution, . . . their combined exemptions under this section shall not exceed $33,000.00[.]"

A separate statute, O.R.S. § 18.428, provides for a homestead exemption in a mobile home and the property on which it sits. It provides in pertinent part:

**18.428**. Mobile home and property on which situated

(1) A mobile home, and the property upon which the mobile home

---

[8] The nature of the "joint" ownership is not at all clear. But the Court need not resolve the ambiguities today.

[9] O.R.S. § 18.395 states in pertinent part:

(1) A homestead shall be exempt from sale on execution, from the lien of every judgment and from liability in any form for the debts of the owner to the amount in value of $25,000, except as otherwise provided by law. The exemption shall be effective without the necessity of a claim thereof by the judgment debtor. When two or more members of a household are debtors whose interests in the homestead are subject to sale on execution, the lien of a judgment or liability in any form, their combined exemptions under this section shall not exceed $33,000. The homestead must be the actual abode of and occupied by the owner, or the owner's spouse, parent or child . . .[.]

MEMORANDUM OF DECISION - 6

> is situated, that is the actual abode of and occupied by the owner, or the owner's spouse, parent or child, when that mobile home is occupied as a sole residence and no other homestead exemption exists, shall be exempt from execution and from liability in any form for the debts of the owner to the value of $23,000, except as otherwise provided by law. When two or more members of a household are debtors whose interests in the homestead are subject to sale on execution, the lien of a judgment or liability in any form, their combined exemptions under this section may not exceed $30,000. The exception shall be effective without the necessity of a claim thereof by the judgment debtor.

O.R.S. § 18.428(1) (formerly O.R.S. § 23.164(1)).

Debtor argues that the words "and no other homestead exists" as contained in § 18.428 is an indication that he is entitled to claim the benefit of § 18.395. The Court concludes he is in error.

First, logic dictates that the more specific statute should control over the more general, provided that, as true here, Debtor qualifies under the more specific one. It is not just a question of logic, however. In *In re Marriage of Salchenberg*, 868 P.2d 772 (Or. Ct. App. 1994), the court stated:

> On appeal, the parties focus exclusively on ORS 23.240 [now O.R.S. § 18.395], the homestead exemption statute. However, because the residence on the property is a mobile home, the applicable exemption statute is ORS 23.164 [now O.R.S. § 18.428][.]

868 P.2d at 772-73.[10] Thus, because Debtor's residence is a mobile home,

---

[10] That *Salchenberg* refers to the former versions of the Oregon statutes is of no consequence. Debtor has not identified any material difference in the versions before and after recodification, and the Court finds none. And, in *Premier West Bank v. GSA Wholesale, LLC*, 103 P.3d 1169 (Oregon Ct. App. 2004), the court noted that in construing the state's statutes, the best evidence of legislative intent is the text of the statute itself, and the statute's context includes
(continued...)

MEMORANDUM OF DECISION - 7

§ 18.428 must be used.

Second, Debtor has pointed to no authority that supports his interpretation that the language of § 18.428(1) allows him to elect to claim a § 18.395(1) exemption when he lives in a mobile home.

Third, Debtor's testimony and the rest of the "proof" in this case indicates Debtor owns no residence other than the mobile home. Absent a mobile home exemption under § 18.428, Debtor would presumptively be unable to claim any exemption under § 18.395 as that statute requires an actual homestead that is "the actual abode of and occupied by the owner." *Accord In re Thurmond*, 71 B.R. 596, 598 (Bankr. D. Or. 1987) (debtor could not claim a § 23.240 (now § 18.395) exemption on property not occupied or constituting actual abode).

## CONCLUSION

Creditor objects to Debtor's use of O.R.S. § 18.395. Under Oregon law, Creditor is correct. The objection will therefore be sustained, and the exemption claimed under § 18.395 in amended schedule C will be disallowed. This ruling will be without prejudice to an amended claim of exemption under O.R.S. § 18.428.[11]

---

[10](...continued)
prior enacted versions of that statute. *Id.* at 1175.

[11] One would hope that, if and when any amended claim of exemption is asserted, some greater attention will be paid to the details. For example, determining where the mobile home is
(continued...)

MEMORANDUM OF DECISION - 8

Creditor may prepare a form of order sustaining its objection and disallowing the exemption claimed under O.R.S. § 18.395.

DATED: March 18, 2005

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[11](...continued)
located may be important under § 18.428, which indicates the exemption value runs to the "mobile home, and the property upon which the mobile home is situated[.]" *See* O.R.S. § 18.428(1). Debtor's current reliance on O.R.S. § 18.402 as a means of determining the "quantity of land" subject to the exemption is not well taken, since § 18.402 is, by its terms, limited to the exemption provided in O.R.S. § 18.395. Additionally, it would be advisable to give some attention to the nature of Debtor's interests in the real property and the "joint" interests of others. Debtor, as a single debtor in this bankruptcy case, is presumptively entitled to only a $23,000.00 exemption under § 18.428(1), rather than the slightly larger $30,000.00 exemption amount for "two or more members of a household [who] are debtors" of the sort there described. Debtor has not, as yet, established that the higher amount is applicable.

MEMORANDUM OF DECISION - 9